United States District Court
Southern District of Texas
FILED
FEB 12 2025
Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
February 12, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JESUS ABIDES CAMPOS, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 7:24-CV-0328 |
| § | |
| BRYAN COLLIER, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION

Petitioner JESUS ABIDES CAMPOS, proceeding with the assistance of counsel, has filed a *Petition for a Writ of Habeas Corpus by a Person in State Custody* pursuant to 28 U.S.C. § 2254 (the "Petition") (Dkt. No. 1). Petitioner is currently serving concurrent sentences of twenty years of imprisonment in the Correctional Institutions Division of the Texas Department of Criminal Justice following convictions upon his guilty plea of one count of aggravated assault with a deadly weapon and one count of manslaughter in the 92nd Judicial District Court of Hidalgo County. In seeking federal habeas review, Petitioner raises a Sixth Amendment claim of ineffective assistance in association with the counseling of his guilty plea. (Dkt. No. 1 at 6).

Respondent has since appeared and filed an answer to the complaint (Dkt. No. 11), together with an electronic copy of the state court record (Dkt. No. 12).[1] Respondent seeks dismissal of the Petition on grounds that it was filed outside the one-year limitations period imposed by 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), and that Petitioner's claim is otherwise meritless. Petitioner has filed a reply

---

[1] Any citations to the state court record will refer to the docket entry, attachment, and page numbers as they appear in the case management/electronic case-file (CM/ECF) system.

(Dkt. No. 16), conceding the untimeliness of the Petition but nonetheless arguing for its consideration based on non-binding precedent.

This case was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). After review of the record and relevant law, the Magistrate Judge RECOMMENDS that the Petition (Dkt. No. 1) be DENIED as time-barred and that this case be DISMISSED. The Magistrate Judge also RECOMMENDS that a Certificate of Appealability be DENIED.

## I. PROCEDURAL HISTORY

The underlying offense of conviction involved Petitioner's shooting of his pregnant girlfriend, Monica Trevino ("Trevino"), resulting in the death of their unborn child. *See Campos v. State*, 2023 WL 2319357, at *1-3 (Tex. App.—Corpus Christi-Edinburg Mar. 2, 2023, no pet.) (mem. op.). The Thirteenth Court of Appeal of Texas would summarize the evidence offered in support of Petitioner's guilty plea as follows:

> On the evening of July 20, 2018, following reports of an "accidental shooting," McAllen Police Department (MPD) officers were dispatched to [Petitioner's] residence, where he resided with his then-girlfriend MPD Officer [Trevino]. [Petitioner] told officers that he had just finished assembling his "assault rifle" when he placed a loaded 20-round magazine into the rifle, intending to take pictures with it. [Petitioner] stated he accidentally pulled the trigger and shot Trevino in the stomach. Trevino, eight months pregnant, was transported to a nearby hospital where an emergency cesarean section was performed; however, the child did not survive. Autopsy findings indicated the child died as a result of a gunshot wound. The medical examiner noted a "gaping entrance" along the child's right torso and the projectile "perforating and fragmenting the liver, right kidney, . . . and right colon."
>
> In a statement to police provided two days later, [Petitioner] maintained he had been doing a "functions check" and did not intentionally pull the trigger. [Petitioner] declined to demonstrate how he performed a functions check and confirmed he owns several firearms and has a license to carry.
>
> Trevino provided a statement to law enforcement on August 3, 2018, wherein she confirmed she had been pregnant with [Petitioner's] child. According to Trevino,

the two began dating in late 2017, they moved in together in November of 2017, and she became pregnant in December of 2017. Trevino stated [Petitioner] was initially happy about the unexpected pregnancy, but in February of 2018, [Petitioner] began expressing his dissatisfaction with their relationship and making comments about not wanting to be involved in raising their child. In late May of 2018, Trevino became aware of [Petitioner's] ongoing infidelity, which purportedly began five months prior. Trevino stated that when she confronted [Petitioner], he assaulted her, leaving her with a black eye. Trevino's physician noted bruising to Trevino's face during an appointment on June 1, 2018.

On July 19, 2018, the evening prior to the shooting, Trevino and [Petitioner] had been in an argument regarding her suspicions of [Petitioner's] continued infidelity. Trevino stated [Petitioner] was still upset the following day and confirmed that [Petitioner] had been working on his rifle when she heard a "distinct metal on metal" sound as she was walking past him. Trevino recalled that she turned to face [Petitioner], saw him slightly bent forward with the gun pointed in her direction, and then heard a "loud bang." Trevino said she asked [Petitioner] to call 911 and saw him grab his phone, but when he did not begin to dial 911, she asked him to retrieve her police radio. Trevino used her police radio to report the shooting. Trevino stated [Petitioner] never attempted to render aid and was preoccupied with asking her whether she believed he was going to be arrested.

*Id.* at *1-2.

On August 28, 2018, a grand jury in Hidalgo County returned an indictment charging Petitioner with aggravated assault and manslaughter. (Dkt. No. 12-6 at 19).

Eventually, Petitioner retained Attorneys Juan "Sonny" Palacios, Jr. and Patricia Palacios-Love, who would represent him through the trial court proceedings. (*See id.* at 30, 86).

On February 11, 2020, Petitioner entered his plea of guilty as to both counts absent a plea bargain agreement. (Dkt. No. 12-2).

Petitioner pursued a direct appeal with the Thirteenth Court of Appeals through new counsel. (Dkt. No. 12-10). On appeal, Petitioner raised the sole issue of whether his judicial confession, written stipulation of evidence, and the corresponding admitted evidence were sufficient to support his guilty plea. *Campos*, 2023 WL 2319357, at *1. On March 2, 2023, the court of appeals affirmed the judgment of conviction. *Id.* at *1, *5.

Petitioner does not appear to have pursued further direct review before the Texas Court of Criminal Appeals (the "TCCA"). (*See* Dkt. No. 1 at 3).

Petitioner would, however, file a habeas corpus application pursuant to Article 11.071 of the Texas Code of Criminal Procedure through the assistance of habeas counsel. (Dkt. No. 12-18 at 42-111). The application was filed in the trial court on March 25, 2024. (*Id.* at 42). Through the application, Petitioner challenged his conviction on the sole ground of ineffective assistance of counsel, claiming that "trial counsel knew [Petitioner] never wanted to plead guilty and wanted to go to trial." (*Id.* at 47). In raising this claim, Petitioner contended that "there was no evidence presented to [his] guilt during the plea hearing[,]" specifically as to the requisite mental states for the respective offenses. (*See id.*).

On June 19, 2024, the TCCA denied Petitioner's habeas application without written order. (Dkt. No. 12-21).

On August 9, 2024, habeas counsel filed the Petition in this case on Petitioner's behalf. (Dkt. Nos. 1, 1-4).

## II. LEGAL STANDARDS

### A. The AEDPA's One-Year Limitations Period

A federal habeas corpus petition filed after April 24, 1996, the effective date of the AEDPA, is subject to a one-year limitations period found at 28 U.S.C. § 2244(d). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).

Pursuant to § 2244(d)(1), the limitations period runs from the latest of four possible dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The most typical start date is that under subsection (d)(1)(A), or the date on which the judgment became "final." *See id.* § 2244(d)(1)(A). Normally, where a state prisoner does not seek direct review of their conviction before the state's highest court, finality coincides with the deadline for seeking such review. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Pursuant to Rule 68.2(a) of the Texas Rules of Appellate Procedure, a petition for discretionary review by the TCCA must be filed within thirty days after the court of appeals' judgment was rendered. *Castillo v. Lumpkin*, 2023 WL 4828380, at *2 (S.D. Tex. July 27, 2023).

**B. Statutory Tolling**

Where certain circumstances are met, the limitations period is automatically subject to statutory tolling. Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [subsection (d)]." 28 U.S.C. § 2244(d)(2). A state habeas application made pursuant to Article 11.07 qualifies as an "application for State post-conviction review." *See Thomas v. Davis*, 2020 WL 8413598, at *3 (S.D. Tex. Oct. 13, 2020), *report and recommendation adopted*, 2021 WL 372796 (S.D. Tex. Feb. 2, 2021).

A state post-conviction application initiates statutory tolling only if it is properly filed and remains pending. *Leonard v. Deville*, 960 F.3d 164, 168 (5th Cir. 2020). An application is "properly filed" if it conforms with a state's procedural filing requirements, *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999), or "those prerequisites that must be satisfied before a state court will allow a petition to be filed and accorded some level of judicial review[,]" *id.* at 470 n.2. An application that is not properly filed will not toll the limitations period. *See Davis v. Quarterman*, 342 F. App'x 952, 953 (5th Cir. 2009) (per curiam). A state court's ruling as to whether an application is properly filed is generally dispositive. *See Koumjian v. Thaler*, 484 F. App'x 966, 968 (5th Cir. 2012) (per curiam).

Although the federal courts "are sensitive to state law when determining whether a motion is still 'pending,' federal law still determines the time limits under AEDPA." *Lookingbill v. Cockrell*, 293 F.3d 256, 262 (5th Cir. 2002), *cert. denied*, 537 U.S. 1116 (2003). In the context of § 2244(d)(2), a state habeas application is pending as long as the ordinary state collateral review process is "in continuance," or, in other words, until the application has achieved final resolution through the State's post-conviction procedures. *Grillette v. Warden, Winn Corr. Ctr.*, 372 F.3d 765, 769 (5th Cir. 2004) (quoting *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002)) (quotations omitted). Included in this period are the day the application is filed and the day on which it is decided. *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009).

Irrelevant for purposes of statutory tolling, however, is a state habeas application filed after the limitations period under the AEDPA has already expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

## C. Equitable Tolling

The limitations period is not jurisdictional and thus subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is available only where the petitioner bears the burden of showing (i) the diligent pursuit of their rights, and (ii) that some extraordinary circumstance stood in their way and prevented timely filing. *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 560 U.S. at 649) (quotations omitted). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam) (citing *United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000) (per curiam)).

The diligence required for equitable tolling "is 'reasonable diligence,' not 'maximum feasible diligence.'" *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (quoting *Holland*, 560 U.S. at 653). In establishing diligence, a petitioner must refer to specific actions taken in pursuit of their rights, such as circumstances that they attempted to contact counsel for information and documents, requested documents from the clerk of court, or sought new counsel. *See Holland*, 560 U.S. at 653; *see also United States v. Barnes*, 2020 WL 6931287, at *2 (M.D. La. Nov. 24, 2020). Waiting too long to act, however, may cut against the petitioner. *See Haarmann v. Thaler*, 2011 WL 5155705, at *4 (S.D. Tex. Oct. 28, 2011). A petitioner must exercise diligence even if they receive inadequate legal representation, are abandoned by counsel, or otherwise fail to hear from counsel about the status of their case. *See Manning*, 688 F.3d at 184 n.2, 185-86.

As for extraordinary circumstances, a garden variety claim of excusable neglect, such as a simple miscalculation that leads to a missed filing deadline, does not suffice. *Holland*, 560 U.S. at 651-52 (citations and quotations omitted); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance[.]"), *cert.*

*denied*, 539 U.S. 918 (2003). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond [their] control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (per curiam). Typically, to establish extraordinary circumstances, the petitioner must show that they were actively misled about or prevented from asserting their rights. *See Patterson*, 211 F.3d at 930.

### III. ANALYSIS

An analysis of the limitations issue begins with determining when Petitioner's conviction became final under § 2244(d)(1)(A).[2]

Here, the court of appeals affirmed Petitioner's judgment of conviction on March 2, 2023. Pursuant to Rule 68.2, Petitioner then had thirty days to file for direct review before the TCCA. Because the last day of the thirty-day period fell on a weekend, the period was extended by rule to the next business day, or April 3, 2023. *See* Tex. R. App. P. 4.1(a). Petitioner did not seek further direct review, so that date, April 3, 2023, also marks the date of finality for purposes of the AEDPA.[3] Absent tolling, Petitioner then had until one year later, or on or around April 3, 2024, to file for federal habeas review.

Petitioner initiated statutory tolling on March 25, 2024 through the filing of his state habeas application. At this point, little more than one week was left of the AEDPA's one-year filing period. Statutory tolling ended on June 19, 2024, when the TCCA denied the application

---

[2] The alternative start dates for the running of the limitations period recognized by § 2244(d)(1)(B) through (D) do not appear to apply.

[3] Through his brief in support of habeas relief, Petitioner refers to May 18, 2023, as the date that the court of appeals issued its mandate. (Dkt. No. 1-2 at 4). As discussed below, the issuance of a mandate is irrelevant to determining the matter of finality. *See Gonzalez v. Thaler*, 623 F.3d 222, 224 (5th Cir. 2010) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)), *aff'd*, 565 U.S. 134 (2012).

without written order.[4] Petitioner's attorneys did not file for federal habeas review until almost six weeks later, or August 9, 2024.[5] The Petition is thus almost six weeks late.

Petitioner concedes the untimeliness of the Petition, attributing the late filing to habeas counsel's miscalculation. (Dkt. No. 16 at 3-4). According to Petitioner, "[c]ounsel . . . miscalculated the AEDPA deadline by using the date the [court of appeal's] mandate issued instead of the date the judgment became final [under the TCCA]." (*Id.* at 2). Indeed, pursuant to *Gonzalez v. Thaler*, 623 F.3d 222 (5th Cir. 2010), the issuance of a mandate is irrelevant to determining AEDPA finality. *See id.* at 224 (citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)), *aff'd*, 565 U.S. 134 (2012). Petitioner also concedes, as noted above, "that a simple miscalculation that leads a lawyer to miss the [AEDPA's] filing deadline does not warrant equitable tolling." (*See* Dkt. No. 16 at 4 (citing *Holland*, 560 U.S. at 651-52)).

Instead, Petitioner argues that habeas counsel's error should be overlooked, and the Petition considered on the merits, based on the reasoning in a dissent by the late Justice Ginsburg in *Lawrence v. Florida*, 549 U.S. 327 (2007). (*See* Dkt. No. 16 at 4-7). Through her dissent, Justice Ginsburg argued against the majority's holding that the filing of a petition for writ of certiorari before the Supreme Court, after the denial of a petition for postconviction relief before a state's highest court, does not statutorily toll the AEDPA's limitations period. *See Lawrence*, 549 U.S. at 332; *see also id.* at 337-45 (Ginsburg, J., dissenting). Assuming this dissent were binding, Petitioner argues, the limitations period here would have been tolled an additional 90 days after the TCCA denied postconviction relief insofar as a petitioner has 90 days to seek

---

[4] Through his reply, Petitioner acknowledges that the TCCA issued its denial on June 19, 2024, but Petitioner then inexplicably proceeds to base his limitations calculation on the date of June 29, 2024. (*See* Dkt. No. 16 at 3). The Magistrate Judge attributes this to error on Petitioner's part.

[5] The Magistrate Judge refers here to the date on which habeas counsel filed the Petition through the CM/ECF system. (*See* Dkt. No. 1). Petitioner erringly refers to the date of filing as August 8, 2024.

certiorari relief, and thus the Petition would have been timely. (*See* Dkt. No. 16 at 6-7). That said, the *Lawrence* dissent does not represent the state of the law, and Petitioner makes clear that he is merely raising this argument for Supreme Court review. (*See id.* at 7).

Accordingly, because the Petition was filed after the limitations period had already expired, and equitable tolling does not otherwise apply, Petitioner's request for § 2254 relief is time-barred.

## IV. CONCLUSION

### *Recommendation*

For these reasons, the Magistrate Judge respectfully RECOMMENDS that the Petition (Dkt. No. 1) be DENIED as time-barred and that this case be DISMISSED.

### *Certificate of Appealability*

The Magistrate Judge must also address the matter of the issuance of a certificate of appealability ("COA"). A petitioner may not appeal the final order of a habeas corpus proceeding "unless a circuit justice or judge issues a [COA]." 28 U.S.C. § 2253(c)(1). Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts instructs that the District Court "must issue or deny a [COA] when it enters a final order adverse to the applicant." A petitioner is entitled to a COA when he shows that a reasonable jurist would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); 28 U.S.C. § 2253(c). Because the Magistrate Judge concludes that Petitioner fails to meet this threshold, the Magistrate Judge accordingly RECOMMENDS that a COA be DENIED.

## *Objections*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

## *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this report to the parties by any receipted means.

DONE at McAllen, Texas this 12th day of February 2025.

_____
J. SCOTT HACKER
United States Magistrate Judge